Roberto Robledo (SBN 260041)
LAW OFFICES OF ROBERTO ROBLEDO
9845 Erma Road, Suite 300
San Diego, California 92131
(619) 500-6683
(619) 810-2980 fax
roberto@robertorobledo.com

Attorneys for Plaintiff Tobin Lillico

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Tobin Lillico**, an individual, <br><br> Plaintiff, <br><br> v. <br><br> **Mercantile Adjustment Bureau**, a limited liability company <br><br> Defendant. | Case No. '17CV2197 AJB BLM <br><br> **Complaint** <br><br> Jury Trial Demanded |

## Introduction

1.  Tobin Lillico ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Mercantile Adjustment Bureau, LLC ("Defendant") and their agents with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing Plaintiff damages.

2.  For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

**Jurisdiction and Venue**

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C § 1367 for pendent state law claims.

4. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1691 et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA"), and the common law tort of invasion of privacy by intrusion upon seclusion.

5. Venue is proper in this District pursuant to 28 U.S.C § 1391(b).

**Parties**

6. Plaintiff is a natural person who currently resides in Southern California and was obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3).

7. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as the term is defined by Cal. Civ. Code § 1788.2(h).

8. Plaintiff is informed and believes, and thereon alleges, that Mercantile Adjustment Bureau, LLC is a collection agency, is incorporated under the laws of New York, and operates from an address of 165 Lawrence Bell Drive, Suite 100, Williamsville, New York, 14221, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by Cal. Civ. Code § 1788.2(b), and are "debt collectors" as that term is defined by Cal. Civ. Code § 1788.2(c).

10. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**Factual Allegations**

11. Plaintiff is informed and believes, and thereon alleges, that all times relevant, Defendant conducted business in the State of California.

12. All of Defendant's various communications with Plaintiff described herein were each an attempt to collect a debt and fall within the term "communication" as it is defined by 15 USC § 1692a(2) and a "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b).

13. Sometime in or around December 2014, Plaintiff incurred a financial obligation to USAA Savings for a revolving line of credit in the form of a consumer credit card that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by Cal. Civ. Code § 1788.2(d) and a "consumer debt" as that term is defined by Cal. Civ. Code § 1788.2(f).

14. These financial obligations were primarily for personal, family or household purposes, more specifically, personal expenses such as auto repairs, and are therefore "debt(s)" as that term is defined by 15 U.S.C § 1692a(5).

15. On or around July 2015, Plaintiff was no longer able to make payments on his account with USAA and fell behind on the payments owed on the debt.

16. Plaintiff is informed and believes, and thereon alleges, that subsequent to falling behind on payments on the alleged debt, the alleged debt was assigned, placed, or otherwise transferred to Defendant for collection.

*Voicemail from Defendant*

Complaint—3

17. On February 16, 2017, Defendant left Plaintiff a voicemail message for him on his mother's cellular telephone.

18. A complete and accurate transcript of that voicemail is provided below:

> This message is intended for Tobin Lillico. This is Jennifer Carroll please contact my office at your earliest convenience 1 877 803 7062 my extension is 3011. Thanks so much.

19. 15 U.S.C. § 1692d(6) prohibits the placement of telephone calls without meaningful disclosure of the caller's identity.  Similarly, Cal. Civ. Code § 1788.11(b) prohibits the placement of telephone calls without disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents.

20. In the voicemail message, Defendant's employee and agent Ms. Carroll fails to identify the name of the agency she represents, therefore leaving no meaningful disclosure of the caller's identity.  Accordingly, Defendant's conduct violates 15 U.S.C. § 1692d(6) and Cal. Civ. Code § 1788.11(b).

21. 15 U.S.C. § 1692e(11) requires a debt collector to identify themselves as a debt collector.  Defendant's voicemail message fails to identify themselves as a debt collector and therefore violates 15 U.S.C. § 1692e(11).

22. Plaintiff never gave Defendant permission to call or leave a voicemail message on his mother's cellular telephone.

23. Plaintiff's mother listened to the voicemail message and informed Plaintiff of the message.

24. Prior to leaving the voicemail message, Defendant knew that the telephone number belonged to Plaintiff's mother.

25. Defendant's voicemail message does not meet any of the requirements listed in 15 U.S.C. § 1692b for communicating with third parties.

Complaint—4

26. Accordingly, Defendant's voicemail message they left on Plaintiff's mother's cellular telephone was un unauthorized communication with a third party and violated 15 U.S.C. § 1692c(b).

27. The message Defendant left on Plaintiff's mother's cellular telephone caused Plaintiff feelings of embarrassment, anger, frustration, anxiety, and stress.

28. Plaintiff felt anxious and helpless as he did not know what other family member or friend Defendant would call regarding the debt.

29. Defendant's conduct violated 15 U.S.C. §§ 1692d(6), 1692e(11), 1692c(b), and Cal Civ. Code § 1788.11(b).

30. In violating 15 U.S.C. §§ 1692d(6), 1692e(11), and 1692c(b), Defendant's conduct also violated Cal. Civ. Code § 1788.17.

**First Claim for Relief—Violations of the Fair Debt Collections Practices Act 15 USC § 1692 et seq.**

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 USC § 1692 et seq.

33. As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**Second Claim for Relief—Violation of the Rosenthal Fair Debt Collection Practices Act §§ 1788-1788.32 (RFDCPA)**

34. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

35. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

36. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

**Third Claim for Relief—Invasion of Privacy by Intrusion Upon Seclusion**

37. Plaintiff re-alleges and incorporates by reference the above paragraphs as through set forth fully herein.

38. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:
> **Abusive debt collection practices contribute** to the number personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C § 1692(a) (emphasis added).

39. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:
> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C § 6801(a) (emphasis added).

Complaint—6

40. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

41. Defendant interfered intentionally and/or, negligently, physically or otherwise with the solitude, seclusion, private concerns, and affairs of Plaintiff, namely, by calling Plaintiff's mother's telephone and leaving a voicemail regarding Plaintiff's highly personal and private financial matter. Defendant's conduct invaded Plaintiff's right to privacy and seclusion.

42. Defendant's engagement in the above-described illegal collection conduct against Plaintiff, resulted in an invasion of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

43. Defendant's conduct impacted Plaintiff's life causing feelings of anger, frustration, helplessness, and stress.

44. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual and punitive damages from Defendant in an amount to be determined at trial.

## Prayers for Relief

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

### Fair Debt Collection Practices Act

1. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
2. an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant;
3. an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**Rosenthal Fair Debt Collection Practices Act**

4. an award of actual damages pursuant to Cal. Civ. Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;

5. an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), from Defendant;

6. an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), from Defendant.

**Invasion of Privacy by Intrusion Upon Seclusion**

7. for an award of actual damages from Defendant for the emotional distress suffered as a result of the intentional and/or negligent invasions of privacy by intrusion upon seclusion in an amount to be determined at trial and for Plaintiff; and

8. for such other and further relief as may be just and proper.

**Trial By Jury**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury.

Dated:   October 27, 2017.   Law Offices of Roberto Robledo

*/s/ Roberto Robledo*

Attorneys for Plaintiff